J. S02012/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :     IN THE SUPERIOR COURT OF
                                :          PENNSYLVANIA
                v.               :
                                :
GUIDO RYAN LaVELLA,          :       No. 1505 EDA 2016
                                :
            Appellant      :

Appeal from the PCRA Order, April 29, 2016,
in the Court of Common Pleas of Chester County
Criminal Division at No. CP-15-CR-0003645-2013

BEFORE:  FORD ELLIOTT, P.J.E., STABILE AND MOULTON, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED FEBRUARY 22, 2017**

Guido Ryan LaVella appeals, ***pro se***, from the order entered in the Court of Common Pleas of Chester County that dismissed, without a hearing, his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we vacate the order and remand with instructions.

The PCRA court set forth the following procedural history in its April 12, 2016 notice of intent to dismiss PCRA petition pursuant to Pa.R.Crim.P. 907(1):

> [Appellant] entered into an open guilty plea on August 14, 2014 to five (5) counts of Theft by Deception, 18 Pa.C.S.[A.] § 3922(a)(1).  A Pre-Sentence Investigation Report was completed, and a sentencing hearing was conducted on October 24, 2014.  [Appellant] was sentenced by the court to an aggregate term of not less than six (6)

years four (4) months, not more than fifteen (15) years in prison. [Appellant] filed a motion for reconsideration on November 3, 2014, and oral argument on that motion was held on January 9, 2015. [Appellant's] motion was granted in part and denied in part, and [appellant's] sentence was amended on February 5, 2015 to include the proper [Recidivism Risk Reduction Incentive] minimum sentence calculation. [Appellant] filed an appeal to the Superior Court on March 4, 2015 which was subsequently withdrawn on May 5, 2015. [Appellant] then filed the instant pro se PCRA petition on September 2, 2015, and a related "First Supplemental Petition" on November 16, 2015. The court issued a Notice of Intent to Dismiss the PCRA petition on November 30, 2015. Pursuant to the provisions of Pa.R.A.P. 907(1), [appellant] was informed that he had twenty (20) days from the docketing of that Notice (which occurred on December 1, 2015) to respond, or else his petition would be dismissed. [Appellant's] Response to the court's notice was filed on December 14, 2015. Upon review of [appellant's] response, on January 7, 2016 the court vacated its Notice of Intent to Dismiss and appointed Robert P. Brendza, Esquire to represent [appellant] in these PCRA proceedings. Counsel filed a Petition to Withdraw as PCRA Counsel per **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) [(**en banc**)] and **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) on March 29, 2016.

PCRA court's notice of intent to dismiss PCRA petition pursuant to Pa.R.Crim.P. 907(1), 4/12/16 at 2 n.1.

The record reveals that the PCRA court's April 12, 2016 notice of intent to dismiss PCRA petition pursuant to Rule 907(1) properly informed appellant of his right to respond to the proposed dismissal within 20 days of the date of the notice. The record further reflects that appellant certified in

a proof of service that he served on the PCRA court, among others, by U.S. First Class Mail, his response to show cause to notice of intent to dismiss PCRA petition pursuant to Rule 907(1) on April 27, 2016. Appellant's response and proof of service are time-stamped as being received by the Clerk of Courts of Chester County on May 2, 2016. Although no timeliness issue exists with respect to the filing of appellant's response, the record raises a concern that the PCRA court may have dismissed appellant's PCRA petition prematurely because (1) appellant's response is time-stamped as being received on May 2, 2016, and the PCRA court entered its order dismissing the petition on April 29, 2016; and (2) the PCRA court attempted to respond to appellant's response to its notice of intention to dismiss nearly one month after it entered its order that, in fact, dismissed appellant's PCRA petition.

The next relevant docket entry reveals that on May 13, 2016, appellant filed a notice of appeal to this court of the PCRA court's April 29, 2016 order dismissing his PCRA petition. On May 23, 2016, which was nearly one month after the PCRA court entered its order dismissing appellant's PCRA petition, the PCRA court filed an "Amended Order" in which it attempted to vacate its April 29, 2016 order dismissing appellant's PCRA petition. In the May 23, 2016 filing, the PCRA court attempts to "address

- 3 -

herein the issues raised by [appellant] in his second Response of April 28, 2016."[1] (Docket #38.)

Although a trial court may generally modify or rescind any order within 30 days of its entry, it is prohibited from doing so once an appeal has been taken. *See* 42 Pa.C.S.A. § 5505 (providing that "a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken"). Here, appellant filed his notice of appeal on May 13, 2016, appealing from the April 29, 2016 order that is, of course, the subject of this appeal. Once appellant filed that notice of appeal, the PCRA court lacked jurisdiction to vacate its April 29, 2016 order and enter another order dismissing the petition and responding to appellant's response to the PCRA court's April 12, 2016 notice of intention to dismiss.

In light of the puzzling procedural history of this case and the concern it raises regarding the premature dismissal of appellant's PCRA petition, we are constrained to vacate the PCRA court's April 29, 2016 order dismissing appellant's PCRA petition and remand to the PCRA court with instructions to provide the parties with the requisite notice of intention to dismiss pursuant

---

[1] We are unable to determine why the PCRA court referred to appellant's response as the "[r]esponse of April 28, 2016" because appellant dated the response April 27, 2016 and it is time-stamped as being received by the Clerk of Courts of Chester County on May 2, 2016.

to Rule 907; afford appellant 20 days to respond to the proposed dismissal; and thereafter enter an order on the petition.

Order vacated.  Case remanded with instructions.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/2017